UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THAO TRAN,

      Petitioner,

v.                                          Case No.:  2:26-cv-01791-SPC-KRH

WARDEN, SOUTH FLORIDA
DETENTION FACILITY *et al.*,

      Respondents,

_____/

## OPINION AND ORDER

Before the Court are petitioner Thao Tran's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 7).

Tran is a native of Vietnam who entered the United States in 1989.  On July 2, 1999, he pled guilty to a lewd and lascivious act in the presence of a child.  An immigration judge ordered Tran removed to Vietnam on February 20, 2001.  Immigration and Customs Enforcement ("ICE") detained him until June 1, 2001, when it released him on an order of supervision.  Tran's subsequent efforts to reopen his removal case were unsuccessful.  On October 31, 2025, ICE revoked Tran's release and arrested him.  He is currently detained at Alligator Alcatraz.  Tran challenges the legality of his detention under the Fifth Amendment and *Zadvydas v. Davis*, 533 U.S. 678 (2001).

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days."  *Singh v. U.S. Attorney*

*Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. at 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents acknowledge the six-month period for presumptively reasonable detention has expired, so *Zadvydas*'s burden-shifting framework

applies.  Tran has not carried his initial burden.  He fails to identify any reason to believe ICE cannot remove him in the reasonably foreseeable future.  For its part, ICE claims it is preparing a travel document request for submission to the Vietnamese government.  But Tran has been detained for 224 days, and ICE does not explain why it is taking so long to complete the initial step on removal.  Accordingly, the Court will give Tran to file an amended petition if he wishes to do so.

**ORDERED:**

Thao Tran's Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED without prejudice**.  Tran may file an amended petition by **July 6, 2026**. Otherwise, the Court will enter judgment and close this case.  If Tran files an amended petition, the government shall respond within 7 days.

**DONE AND ORDERED** in Fort Myers, Florida on June 12, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record